UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV185-EHJ

TERESA FARMER                                                    PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                 DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon the defendant Commissioner's objections to the Report and Recommendation of the United States Magistrate Judge.  The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed Report and Recommendation of the Magistrate should be adopted, the Commissioner's Decision reversed, and the case remanded to the Commissioner for payment of benefits.

Ms. Farmer filed the present application for SSI benefits on October 29, 2002 alleging that she became disabled on February 19, 2001 as a result of memory loss, severe headaches, and pain in her neck, shoulder, and back (Tr. 108).  After a hearing on January 13, 2004, Administrative Law Judge James Craig ("ALJ") found that Ms. Farmer has severe impairments including residual neck, back and radicular pain, status-post motor vehicle accident; hypertension, treated; affective disorder, and somatoform disorder (Tr. 18).  The ALJ found that these impairments are severe, but do not meet or medically equal listed impairments.  The ALJ found that she retains the residual functional capacity to perform a range of sedentary work activity.

The claimant appealed the unfavorable Decision to this Court, and the Magistrate Judge has recommended that the Commissioner's Decision be reversed and the case remanded to the Commissioner for payment of benefits.  The Commissioner does not challenge the Magistrate

Judge's initial conclusion that plaintiff should receive a new hearing to address the belated assessment and inconsistencies identified in the Report and Recommendation. However, the Commissioner objects to an outright award of benefits as the remedy (DN 16, page 4). The Commissioner argues that pursuant to Faucher v. Secretary of HHS, 17 F.3d 171 (6th Cir. 1994), reversal and remand for award of benefits is not proper in the present case because not all essential factual issues have been resolved, Id. at 176. The Commissioner urges that the Magistrate Judge agreed that the ALJ properly declined to give controlling weight to Dr. Davies' exertional limitations, but later grants controlling weight to Dr. Davies' non-exertional limitations despite dramatic inconsistencies contained within Dr. Davies' own treatment records (DN 16, page 4).

The Court has thoroughly reviewed the evidence of record and agrees with the Magistrate Judge's analysis and conclusions regarding the ALJ's inappropriate rejection of the non-exertional cervical limitations found by Dr. Davies. Dr. Davies' opinion that, "Ms. Farmer's ability to move her neck is impaired with regards to lateral flexion and lateral rotation to the left side" is clearly based upon the most recent CT scan results (Tr. 544) which indicate "broad-based extradural defect at the 6-7 level with mild bilateral nerve root effacement . . . . Small amounts of central defect are present at the 4-5, 5-6, and 6-7 levels which appears to be related to some spurring and mild disk bulging." When Dr. Davies' limitations on lateral flexion and rotation of the neck are given proper weight, the testimony of the vocational expert appears to eliminate all available jobs identified in the ALJ's Finding No. 10, and any other jobs.

The Court is persuaded that the record is fully developed, all essential factual issues have been resolved, the record adequately establishes entitlement to benefits, and remand for further proceedings would serve no legitimate purpose, Abbott v. Sullivan, 905 F.2d 918 (6th Cir. 1990).

2

After reviewing the record in its entirety and conducting a de novo review of the matters raised in objection, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned.   The Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

A Judgment in conformity has this day entered.